G. Patrick HagEstad, Esq.
Brien B. Birge, Esq.
HAGESTAD LAW GROUP, P.L.L.C.
2425 W. Central Ave., Suite 200
Missoula, Montana 59801
Telephone: (406) 203-9303
Facsimile: (406) 888-6040
E-Mail: gpatrick@hagestadlaw.com
E-Mail: brien@hagestadlaw.com
    *Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| PENN-STAR INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>PLUM PROPERTY MANAGEMENT, LLC,<br><br>    Defendant. | Cause No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW, Penn-Star Insurance Company ("Penn-Star"), by and through the undersigned counsel of record, hereby states and alleges this cause of action against Defendant as follows:

## **PARTIES, JURISDICTION, AND VENUE**

1.    Penn-Star is a corporation organized and existing under the laws of Pennsylvania and authorized to, and does, transient business in the State of Montana.

2.    Plum Property Management, LLC ("Plum Property") is a Montana limited liability company with its principal place of business in Missoula, Montana.

**- 1 -**

3.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 (a) because of the diversity of citizenship between the parties and because the amount in controversy exceeds the jurisdictional amount, exclusive of interest and costs.

4.     Venue is proper in United States District Court, District of Montana, pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in Missoula County, Montana.

5.     A dispute is between the parties as to whether Penn-Star has a duty to defend or indemnify against a lawsuit filed by the Estate of Yearboro in Missoula County, DV-32-2024-0000901-WF, alleging wrongful death.  Therefore, the Court has authority to issue declaratory judgment pursuant to 28 U.S.C. § 2201 (a).

## COUNT I – DECLARATORY JUDGMENT

6.     Penn-Star issued Policy No. PAV0477332 for the policy period January 21, 2024, to January 21, 2025, to the named insured Plum Property Management, LLC. *See* Policy, attached as Exhibit 1, incorporated by this reference as if fully set forth.

7.     The Policy provided commercial general liability coverage and commercial property coverage to Plum Property, as a named insured, according to the terms and conditions of the policy, including but not limited to the specific limitations, exclusions, and endorsements of the Policy.

8.     On October 3, 2024, Marianna Yearboro, acting as the personal representative of the Estate of Tom Yearboro, filed a complaint in Montana Fourth Judicial District Court, Missoula County, Cause No. DV-32-2024-0000901-WF, naming Paul H. Eikens, Maryann F. Eikens (the "Eikens") and Plum Property as defendants (hereinafter "Underlying Complaint"). Underlying Complaint, attached as Exhibit 2.

9.    The Underlying Complaint alleges that the Eikens own a four-unit rental property located at 1775 South 8th Street West, Missoula, MT 59801 (the "Property"). Ex. 2, ¶ 6.

10.    The Underlying Complaint alleges that Plum Property manages a portion of the Property for the Eikens. Ex. 2, ¶ 7.

11.    The Underlying Complaint alleges that Tom Yearboro ("Yearboro") rented one of the units at the Property through Plum Property and on June 3, 2024, was found with a single bullet wound to his chest. Ex. 2, ¶¶ 8, 12.

12.    Yearboro was later pronounced dead. *Id.* ¶ 13.

13.    The Underlying Complaint alleges that the person who shot Yearboro was later identified as John "Joan" Henry Eikens ("Joan"), the Eikens' adult child who lived in one of the units at the Property. Ex. 2, ¶¶ 9 and 14.

14.    The Underlying Complaint alleges that "Joan" was subsequently charged with deliberate homicide for the murder of Yearboro. Ex. 2, ¶ 17.

15.    The Underlying Complaint alleges that Yearboro and another tenant reported "Joan's" erratic behavior to Plum Property. Ex. 2, ¶¶ 20, 21.

16.    The Underlying Complaint alleges that despite knowing "Joan's" behavior, Plum Property, and the Eikens; did not take any precautionary measures to protect the tenants at the Property from "Joan". Ex. 2, ¶ 25.

17.    The Underlying Complaint asserts a Wrongful Death claim against Plum Property and the Eikens. Ex. 2, ¶¶ 28-38.

18.    The Underlying Complaint asserts a Survivorship claim against Plum Property and the Eikens. Ex. 2, ¶¶ 39-43.

19.    Plum Property tendered the Underlying Complaint to Penn-Star and has demanded a defense and indemnity.

20.    Penn-Star, through Global Indemnity Group, LLC, accepted the defense of Plum Property under a reservation of rights and is filing this declaratory

- 3 -

action, pursuant to Montana law, to have this Court declare whether Penn-Star has any duty to defend and/or indemnify Plum Property.

21.    Based upon the allegations in the Underlying Complaint, and the following Policy language, there is no duty to defend or indemnify Plum Property under the Policy as the claims in the Underlying Complaint are excluded from coverage.

22.    The Policy Provides:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE**
**LIABILITY**

**1.    Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" of "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
…
b.    This insurance applies to "bodily injury" and "property damage" only if:
(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

e.    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".
…

//

**- 4 -**

## SECTION V – DEFINITIONS

3.     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

9.     "Insured contract" means:

a.     A contract of lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

18.     "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a.     An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
b.     Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.
…

**B.** The following is added to **SECTION V – DEFINITIONS:**

1.     "Assault" means any intentional or attempted act or threat to inflict injury to another, including any conduct that could reasonably place another in apprehension of injury. "Assault" includes, but is not limited to, intimidation, harassment, and verbal abuse, and threatened physical injury, sexual abuse, sexual assault, or any other harmful or offensive contact between two or more persons.
2.     "Battery" means the intentional or reckless physical contact with or any use of force against a person, including a physical altercation or

- 5 -

dispute, sexual abuse, sexual molestation, or offensive touching, whether or not the actual injury inflicted is intended or expected. The use of force includes, but is not limited to, the use of weapon.

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**2.    Exclusions:**

This insurance does not apply to:

**a.    Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

…

**A.    The following is added to Paragraph 2. Exclusions of SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY and COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY:**

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury", arising in whole or in part out of an "assault" or "battery", whether or not:

1.    Caused by, at the instigation of, or with the direct or indirect involvement of an insured, an insured's "employee", subcontractor, "temporary worker", "volunteer worker", patron or any other person;

**2.**    Caused by or arising out of an insured's failure to properly supervise or keep an insured's premises in a safe condition;

**3.**    Caused by or arising out of any insured's act or omission in connection with the prevention, suppression, or failure to warn of the "assault" or "battery", including but not limited to, negligent hiring, training, supervision or retention; or

4.    Caused by or arising out of negligent, reckless or wanton conduct by an insured, an insured's "employees", patrons or other persons.

…

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the use, sale or demonstration of any firearm or other weapon by any person, whether or not caused:

a.    By, at the instigation of, or with the direct or indirect involvement of you or your "employees", patrons or other persons in, on, near or away from your premises;

b.    By or arising out of your failure to properly supervise or keep your premises in a safe condition;

c.    By or arising out of any insured's act or omission in connection with the prevention, suppression or failure to warn, including but not limited to negligent supervision, hiring, employment, training or monitoring of others; or

d.    By arising out of negligent, reckless or wanton conduct by you, your "employees", patrons or other persons.
…

This insurance does not apply to any claim of, or indemnification for, common law or statutory punitive or exemplary damages, or any multiplication of compensatory damages, including but not limited to those damages that may be imposed to punish a wrongdoer or to deter others from engaging in similar behavior.

If a "suit" seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide a defense for such "suit". We will not have any obligation to pay or reimburse any attorney's fees, interest, bonds, taxes, fees, fines, costs, or any other damages or expenses attributable to punitive or exemplary damages, or any multiplication of compensatory damages.

Ex. 1, Penn-Star Policy.

23.    The Policy provides that "[t]his insurance applies to "bodily injury and property damage" only if: (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."" "Occurrence" by definition is "an accident". The allegations in the Underlying Complaint alleges that Yearboro was shot and killed by "Joan". Ex. 2 ¶¶, 16-18. There is no indication in the Underlying Complaint that "Joan's" actions were not an intentional act or that she did not intend or reasonably expect that Tom would die as a result of her actions. As such, there is no accident, and the Policy does not provide coverage for the claims against Plum Property. Penn-Star has no duty to provide a defense or coverage to Plum Property.

24.    The Policy specifically excludes coverage for bodily injury arising out of intended or expected injury. The Underlying Complaint alleges damages arising out of "Joan's" alleged action of shooting Yearboro. Ex. 2, ¶¶ 11, 12, 14, 16. Therefore, Penn-Star has no duty to defend or provide coverage to Plum Property.

25.    The Policy specifically excludes coverage for bodily injury arising out of assault. The Underlying Complaint alleges damages arising out of "Joan's" intentional infliction of injury against Tom, as such it was assault. Ex. 2, ¶¶ 11, 12, 14, 16. Therefore, Penn-Star has no duty to defend or provide coverage to Plum Property.

26.    The Policy specifically excludes coverage for bodily injury arising out of battery.  The Underlying Complaint alleges damages arising out of "Joan's" intentional or reckless use of force against Tom, as such it was battery. Ex. 2, ¶¶ 11, 12, 14, 16. Therefore, Penn-Star has no duty to defend or provide coverage to Plum Property.

27.    The Policy specifically excludes coverage for "bodily injury" and "property damage" brought about through the use of any firearm. The Policy states: "This insurance does not apply to "bodily injury", "property damage" or "personal

and advertising injury" arising out of the use, sale, or demonstration of any firearm or other weapon by any person…" The Underlying Complaint alleges "Joan" killed Tom with a firearm. Ex. 2, ¶¶ 11, 12, 17. The firearms exclusion applies to all allegations arising from those claims. Penn-Star has no duty to defend or provide coverage to Plum Property.

28.    In accordance with Montana Law, Penn-Star extended a defense to Plum Property in Missoula County Cause No. DV-32-2024-0000901-WF under a full reservation of rights.

29.    There now exists a justiciable controversy between Penn-Star and Plum Property regarding whether Penn-Star has any duty to defend Plum Property based on the allegations in the Underlying Complaint.

30.    Based on the allegations in the Underlying Complaint, there is no duty to provide a defense or indemnity under the Policy as the claims in the Underlying Complaint do not give rise to a covered claim and/or are excluded from coverage.

## PRAYER FOR RELIEF

WHEREFORE Penn-Star Insurance Company ("Penn-Star"), respectfully prays this Court grant the following relief:

1.    That this Court enter judgment, pursuant to Montana's Uniform Declaratory Judgment Act, finding Penn-Star has no obligation to provide defense or indemnity in Missoula County Cause No. DV-32-2024-0000901-WF to Plum Property Management, LLC under Policy No. PAV0477332;

2.    That this Court allow Penn-Star to recoup fees and costs incurred in its defense of the underlying lawsuit; and

3.    For such other and further relief that this Court deems just and proper.

DATED this 14<u>th</u> day of January, 2025.

By: /s/ G. Patrick HagEstad
G. Patrick HagEstad

HAGESTAD LAW GROUP, PLLC
*Attorneys for Plaintiff*